```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| ENRIQUE MATOS and LINDA MATOS, | |
| Plaintiffs, | Civ. No. 06-205-NLH-JS |
| v. | |
| CITY OF CAMDEN, DETECTIVE MARSHALL MORGAN, and OFFICER LUIS SANCHEZ, | OPINION |
| Defendants. | |

**APPEARANCES:**

Thomas Bruno II, Esquire
Abramson & Denenberg, PC
1315 Walnut Street, 12th Floor
Philadelphia, PA 19107

    *Attorneys for Plaintiffs*

Ralph R. Kramer, Esquire
605 White Horse Pike
Haddon Heights, NJ 08035

    *Attorney for Defendant Morgan*

John C. Eastlack, Jr., Esquire
Holston, MacDonald, Uzdavinis & Ziegler, PC
66 Euclid Street
PO Box 358
Woodbury, NJ 08096

    *Attorneys for Defendant Sanchez*

Frank A. Salvati, Esquire
Office of City Attorney
4th Floor - City Hall
Camden, NJ 08101

    *Attorneys for Defendant City of Camden*

**HILLMAN**, District Judge

This matter comes before the Court on the motion of Defendant City of Camden for summary judgment. For the reasons set forth below, Camden's motion will be granted in part and denied in part.

I.   BACKGROUND

Plaintiffs filed their Complaint in this matter on January 12, 2006, which they subsequently amended on December 8, 2006. The Amended Complaint set forth seven counts for violations of the United States and New Jersey constitutions, as well as New Jersey common law. Defendants moved for summary judgment on all counts in two separate motions filed on July 17, 2008 and July 18, 2008, respectively. After Defendants filed their motions for summary judgment, but before they were decided, Defendant Sanchez filed an Amended Answer, which included a cross-claim against Defendant City of Camden for indemnification.

On March 18, 2009, the Court granted Defendant City of Camden's motion for summary judgment on all counts. In the same Opinion, the Court also granted in part and denied in part Defendants Morgan and Sanchez's motion for summary judgment. The claims against Morgan and Sanchez that survived summary judgment are: Count I for "illegal seizure," false imprisonment, and excessive force in violation of the U.S. and New Jersey constitutions; Count II for conspiracy in violation of the U.S.

and New Jersey constitutions; Count III for bystander liability in violation of the U.S. and New Jersey constitutions; Count V for assault and battery; and Count VI for false arrest and false imprisonment.

In so ruling, the Court held that genuine issues of material fact existed as to whether Morgan and Sanchez acted with probable cause in arresting Matos and used a level of force that was objectively reasonable.  Accordingly, it was unable to determine at that time whether Morgan and Sanchez were entitled to qualified immunity for their alleged constitutional violations. For these reasons, as well as the fact that the Court found that a genuine issue of material fact existed as to whether Morgan and Sanchez engaged in willful misconduct, the Court was also unable to determine at that time whether they were entitled to immunity under the New Jersey Tort Claims Act for their alleged torts.

Defendant City of Camden now moves for summary judgment on Defendant Sanchez's cross-claim for indemnification.

**II.  DISCUSSION**

    **A.  Summary Judgment Standard**

Summary judgment is appropriate where the Court is satisfied that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

3

Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Fed. R. Civ. P. 56.

An issue is "genuine" if it is supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit. Id. In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence "is to be believed and all justifiable inferences are to be drawn in his favor." Marino v. Industrial Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson, 477 U.S. at 255).

Initially, the moving party has the burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial. Id. Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party. Anderson, 477 U.S. at 256-57. A party opposing summary judgment must do more than just rest upon

4

mere allegations, general denials, or vague statements.  Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001).

**B.   Indemnification**

Defendant City of Camden ("Camden") argues that it is entitled to summary judgment because it can not possibly be liable to Defendant Sanchez ("Sanchez") for indemnification as a matter of law.  This is because, Camden argues, Sanchez is alleged to have acted criminally or beyond the scope of his employment during his altercation with Matos.[1]

Under New Jersey law, "[a] public entity is liable for injury proximately caused by an act or omission of a public employee within the scope of his employment in the same manner and to the same extent as a private individual under like circumstances."  N.J.S.A. 59:2-2(a).  However, "[a] public entity is not liable for the acts or omissions of a public employee constituting a crime, actual fraud, actual malice, or willful misconduct."  Id. at 59:2-10.

Interpreting these statutes, New Jersey Courts have made clear that a municipality cannot be vicariously liable for the intentional torts of its employees.  See Soto v. City of Newark, 72 F. Supp. 2d 489 (D.N.J. 1999) (finding that city could not be

---

[1] The Court notes Camden's argument in the alternative that it has complete authority to determine whether or not to indemnify an employee under N.J.S.A. 59:10-4, but determines that it lacks merit, as that statute by its very language applies only to indemnification of punitive damages.

liable for employee's intentional infliction of emotional distress); McDonough v. Jorda, 519 A.2d 874 (N.J. Sup. Ct. App. Div. 1986) (finding that municipality could not be liable for assault and battery by one of its police officers), cert. denied, 540 A.2d 1282 (N.J. 1988), cert. denied, 489 U.S. 1065 (1989). Accordingly, Sanchez's claim for indemnification must fail as a matter of law with respect to Count V for assault and battery.

As the Court noted in denying summary judgment on this claim, N.J.S.A. 59:3-3 expressly provides that no immunity is available for public employees for claims of false arrest or false imprisonment. See O'Brien v. Borough of Woodbury Heights, 679 F. Supp. 429, 438 (D.N.J. 1988); Anela v. City of Wildwood, 595 F. Supp. 511, 514 D.N.J. 1984), rev'd on other grounds, 790 F.2d 1063 (3d Cir. 1986).  In light of this statutory exception, courts have recognized that a municipality may be liable under N.J.S.A. 59:2-2(a) for false imprisonment committed by one of its employees. See O'Brien, 679 F. Supp. at 439.  Since the Court has already determined that a genuine issue of material fact exists with respect to Plaintiff's false imprisonment claim against Sanchez, a question of fact also exists as to whether Camden must indemnify Sanchez for this claim.  Summary judgment must therefore be denied with respect to Count VI for false arrest and false imprisonment.

6

With respect to potential indemnification of Plaintiff's constitutional claims, there is a distinction to be made between the proofs necessary to demonstrate individual liability and those necessary to trigger municipal indemnification.  See Lampkin v. Little, 286 F.3d 1206 (10th Cir. 2002) (finding that the jury's determination that the police officer used excessive force did not require a finding of bad faith); Coyle v. Ludwig, No. 06-CV-0092-CVE-SAJ, 2007 WL 2219516, at *3 (N.D. Okla. July 27, 2007) (finding that "issues of good faith and scope of employment (as they relate to indemnification) are distinct from the issue of qualified immunity").  In order to prove his constitutional claims against Sanchez, Plaintiff must demonstrate that Sanchez acted without probable cause in arresting him and used a level of force that was objectively unreasonable.  In order for Sanchez to prove his claim for indemnification against Camden, he need only prove that he was acting within the scope of his employment and without fraud, malice, or willfulness, or committing a crime.  It is possible for a jury to conclude that Sanchez did not have probable cause or used force that was objectively unreasonable without finding that he acted fraudulently, willfully, criminally, or maliciously.  See, e.g., Milardo v. City of Middletown, No. 3:06-CV-1071 (DJS), 2009 WL 801614, at *10-11 (D. Conn. Mar. 25, 2009) (granting municipality's motion for summary judgment on indemnification

7

claim for intentional torts, but denying motion with respect to other civil rights claims where questions of fact existed with respect to underlying claims against police officers). Having already determined that a genuine issue of material fact exists as to Sanchez's individual liability for Plaintiff's constitutional claims, the Court cannot conclude at this time that no issues of fact exist with respect to whether Sanchez acted with a mindset capable of precluding indemnification. Summary judgment must therefore be denied with respect to Counts I, II, and III for constitutional violations.

### III. CONCLUSION

For the reasons set forth above, Camden's Motion for Summary Judgment is granted in part and denied in part. Specifically, Camden's Motion is granted with respect to indemnification for Count V, but denied with respect to the remaining Counts. An appropriate Order will be entered.

Dated: November 9, 2009        s/ Noel L. Hillman
                               HON. NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey