**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ENRIQUE MATOS and LINDA MATOS, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF CAMDEN, DETECTIVE MARSHALL MORGAN, and OFFICER LUIS SANCHEZ, <br><br> Defendants. | Civ. No. 06-205-NLH-JS <br><br><br> **OPINION** |

**APPEARANCES:**

Thomas Bruno II, Esquire
Abramson & Denenberg, PC
1315 Walnut Street, 12th Floor
Philadelphia, PA 19107

   *Attorneys for Plaintiffs*

Ralph R. Kramer, Esquire
605 White Horse Pike
Haddon Heights, NJ 08035

   *Attorney for Defendant Morgan*

John C. Eastlack, Jr., Esquire
Holston, MacDonald, Uzdavinis & Ziegler, PC
66 Euclid Street
PO Box 358
Woodbury, NJ 08096

   *Attorneys for Defendant Sanchez*

Frank A. Salvati, Esquire
Office of City Attorney
4th Floor - City Hall
Camden, NJ 08101

   *Attorneys for Defendant City of Camden*

**HILLMAN**, District Judge

This matter comes before the Court on the motions of Plaintiff, Enrique Matos, for a new trial and to strike certain filings, as well as the motion of Defendants Marshall Morgan and Luis Sanchez for attorneys fees, which is joined in by Defendant City of Camden. For the reasons set forth below, all of the motions will be denied.

**I.    BACKGROUND**

The initial Complaint in this matter was filed on January 12, 2006, and subsequently amended on December 8, 2006. The Amended Complaint set forth seven counts for violations of the United States and New Jersey constitutions, as well as New Jersey common law, against Defendants Morgan, Sanchez, and City of Camden. After the resolution of dispositive motions, the only remaining claims were for unlawful arrest, false imprisonment, excessive force, assault and battery, failure to intervene, conspiracy, and punitive damages against the individual defendants, and Defendant Sanchez's cross-claim for indemnification against the City of Camden. An eight-day jury trial was held in November, 2009, during which the City of Camden was allowed to participate on a limited basis. Ultimately, the jury returned a verdict of no cause against Defendants Morgan and Sanchez on all counts.

Plaintiff now moves for a new trial on the basis that the jury's finding that Defendants Morgan and Sanchez had probable cause to arrest him was contrary to the weight of evidence. Plaintiff also asserts that a new trial is warranted because the Court committed an error of law by allowing Defendant City of Camden to participate at trial. Defendants oppose Plaintiff's motion and seek an award of attorney's fees on the basis that Plaintiff's claims were frivolous.

## II. DISCUSSION

### A. New Trial

Pursuant to Fed. R. Civ. P. 59, a court can order a new trial "for any of the reasons for which new trials have heretofore been granted in actions at law in the Courts of the United States." These reasons include prejudicial errors of law and verdicts against the weight of the evidence. See Klein v. Hollings, 992 F.2d 1285, 1289-90 (3d Cir. 1993); Maylie v. National R.R. Passenger Corp., 791 F. Supp. 477, 480 (E.D. Pa. 1992), aff'd, 983 F.2d 1051 (3d Cir. 1992). A district court has broad latitude to order a new trial for prejudicial errors of law. See Klein, 992 F.2d at 1289-90; Wagner v. Fair Acres Geriatric Ctr., 49 F.3d 1002, 1017 (3d Cir. 1995) (noting the court's wide discretion to grant a new trial where basis for request is error involving a matter within the trial court's discretion, such as evidentiary rulings or jury instructions).

In evaluating a motion for a new trial on the basis of trial error, the court must first determine whether an error was made in the course of the trial and then decide "whether that error was so prejudicial that refusal to grant a new trial would be 'inconsistent with substantial justice.'" Bhaya v. Westinghouse Elec. Corp., 709 F. Supp. 600, 601 (E.D. Pa. 1989) (quoting Fed. R. Civ. P. 61), aff'd, 922 F.2d 184 (3d Cir. 1990).

"By contrast, a court's discretion to order a new trial for a verdict contrary to the weight of the evidence is more limited." Paolella v. Browning-Ferris, Inc., 973 F. Supp. 508, 511 (E.D. Pa. 1997). The court should only order a new trial under such circumstances if it reasonably concludes that to allow the jury's verdict to stand would result in a "miscarriage of justice." Klein, 992 F.2d at 1290 (quoting Williamson v. Consol. Rail Corp., 926 F.2d 1344, 1348 (3d Cir. 1991)). "'[N]ew trials because the verdict is against the weight of the evidence are proper only when the record shows that the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks our conscience.'" Greenleaf v. Garlock, Inc., 174 F.2d 352, 366 (3d Cir. 1999) (quoting Williamson, 926 F.2d at 1353 (3d Cir. 1991)). It is not a proper basis to grant a new trial merely because the court would have reached a different verdict. Kotas v. Eastman Kodak Co., No. 95-cv-1634, 1997 WL 570907, at *7 (E.D. Pa. Sept. 4,

1997), aff'd, 166 F.3d 1205 (3d Cir. 1998) (Table).

Plaintiff argues that the Court made a prejudicial error of law when it denied his motion in limine to preclude the City of Camden from participating at trial and, accordingly, that a new trial is warranted. Since the only remaining claim against the City of Camden at the time of trial was the cross-claim for indemnification by Defendant Sanchez, Plaintiff argues, the City of Camden should not have been permitted to participate at trial, because the issue of indemnification was not yet ripe without a finding of underlying liability. However, even assuming *arguendo* that the Court's denial of Plaintiff's motion in limine on the issue of the City of Camden's participation at trial was in error and the City of Camden should not have been permitted to participate at trial, the Court finds that this error resulted in no prejudice to Plaintiff.

The City of Camden's participation at trial was carefully limited to the issues directly impacting the cross-claim for indemnification by Defendant Sanchez. It did not present any witnesses, was only permitted to give brief opening and closing statements on the issue of Defendant Sanchez's potential liability, and was only permitted to cross-examine witnesses on that limited issue. The City of Camden was not permitted to elicit any duplicative or cumulative testimony that may have unfairly influenced the jury. Moreover, Defendants Morgan and

5

Sanchez presented voluminous evidence at trial, independent of anything elicited by the City of Camden, from which the jury could reach its conclusion.  Thus, even assuming that the Court erred in allowing the City of Camden to participate at trial, the Court does not find "that [such] error was so prejudicial that refusal to grant a new trial would be 'inconsistent with substantial justice.'" Bhaya v. Westinghouse Elec. Corp., 709 F. Supp. 600, 601 (E.D. Pa. 1989) (quoting Fed. R. Civ. P. 61), aff'd, 922 F.2d 184 (3d Cir. 1990).

Plaintiff also argues that a new trial is warranted because the jury's finding that Defendants Morgan and Sanchez had probable cause to arrest him was against the weight of the evidence.  Plaintiff's argument centers on the language of Camden City Ordinance § 395-8, which provides that "[n]o person shall, by noisy or disorderly conduct, disturb or interfere with the quiet or good order of any place of assembly, public or private, including, but not limited to, any school, house of worship, library or reading room."  He asserts that the Ordinance only applies to conduct near a school, house of worship, library, reading room, or "similar places of assembly, for example, the Camden Aquarium."  (Pl. Reply Br. at 7.)  Accordingly, Plaintiff argues, the evidence presented that Plaintiff was arrested on a street corner in Camden located near a vacant lot cannot support a finding of probable cause to arrest Plaintiff for violating the

Ordinance.

The Court cannot agree with Plaintiff's interpretation of the Ordinance.  The language of the ordinance specifically provides that places of assembly are not limited to those given as examples.  Further, a street corner is undoubtedly a place of assembly.  See, e.g., Haque v. CIO, 307 U.S. 496, 515 (1939) (finding that streets "have immemorially been held in trust for the use of the public, and, time out of mind, have been used for purposes of assembly").  The Court therefore finds that the evidence of Plaintiff's location at the time of his arrest presented at trial was sufficient for the jury to determine that probable cause existed for an arrest under Ordinance § 395-8.

Plaintiff also argues that Plaintiff was only arrested for saying "F--- you cop," and that such a comment cannot support an arrest.  However, there was significant evidence presented from which the jury could conclude that Plaintiff's conduct consisted of much more than that. Defendants presented testimony that Plaintiff repeatedly yelled at police officers using abusive language, interfered with their efforts to arrest two other individuals, threatened the police officers by yelling that he knew officials and would have them fired, refused to leave when instructed to do so, and continued to verbally harass the officers when told he would be placed under arrest if he failed to leave.  This case is thus distinguishable from Johnson v.

7

Campbell, 332 F.3d 199 (3d Cir. 2003) and the other cases cited by Plaintiff, in which the alleged conduct was limited to a single inappropriate comment to the arresting officers. The Court is satisfied that sufficient evidence was presented at trial to support the jury's conclusion in this case that Defendants had probable cause to arrest Plaintiff for violation of Ordinance § 395-8.

    **B.    Attorney Fees**

"State rules concerning the award or denial of attorney's fees are to be applied in cases where federal jurisdiction is based on diversity . . . ." McAdam v. Dean Witter Reynolds, Inc., 896 F.2d 750, 775 n.47 (3d Cir. 1990). As a general matter, New Jersey courts subscribe to the American Rule that parties to litigation each bear their own legal expenses. See In re Estate of Vayda, 875 A.2d 925, 928 (N.J. 2005); Coleman v. Fiore Bros., Inc., 552 A.2d 141, 142 (N.J. 1989). Departure from this rule is appropriate, however, where there is "express authorization by statute, court rule or contract," or "when the interests of equity demand it." Vayda, 875 A.2d at 930 (quoting In re Estate of Lash, 776 A.2d 765, 779 (N.J. 2001) (Verniero & LaVecchia, J.J., dissenting)) (internal quotes omitted).

Here, Defendants argue that they are entitled to attorney's fees under 42 U.S.C. § 1988(b). Section 1988(b) provides in relevant part, "[i]n any action or proceeding to enforce a

8

provision of section[] . . . 1983 . . . of this title, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ." A "prevailing party" can be either a plaintiff or a defendant, although the standard for awarding attorney's fees to a prevailing defendant is more stringent than that for awarding fees to a prevailing plaintiff. See Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978); Barnes Foundation v. Township of Lower Merion, 242 F.3d 151, 157-58 (3d Cir. 2001). While a prevailing plaintiff "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust," a prevailing defendant is entitled to attorney's fees only "upon a finding that the plaintiff's action was frivolous, unreasonable or without foundation." Christiansburg, 434 U.S. at 416-17.

The relevant standard is objective. See Barnes, 242 F.3d at 158. Accordingly, "it is not necessary that the prevailing defendant establish that the plaintiff had subjective bad faith in bringing the action in order to recover attorney's fees." Id. Nonetheless, in determining whether an award of fees is appropriate, a court must "resist the understandable temptation to engage in *post hoc* reasoning by concluding that because a plaintiff did not ultimately prevail his action must have been unreasonable or without foundation." Christiansburg, 434 U.S. at

9

421-22.

In determining whether a plaintiff's unsuccessful civil rights claim was frivolous, court may consider such factors as whether the plaintiff established a prima facie case, the defendant offered to settle, the case was dismissed prior to trial or continued through a trial on the merits, and whether a novel issue was presented.  See Barnes, 242 F.3d at 158.  These considerations are merely guidelines, however, and not strict rules.  Id.  Ultimately, "'[d]eterminations regarding frivolity are to be made on a case-by-case basis.'"  Id. (quoting Sullivan v. School Bd., 773 F.2d 1182, 1189 (11th Cir. 1983)).

Defendants argue that Plaintiff's claims were frivolous because he did not present two witnesses who could have allegedly corroborated his own testimony, gave allegedly vague testimony as to how he was injured, failed to cooperate with an internal affairs investigation conducted by the City of Camden Police Department following his injury, expert medical testimony allegedly contradicted Plaintiff's testimony of how he was injured, and his own version of events provided Defendants with a proper basis to arrest him.  The Court disagrees.  The case presented genuine issues of material fact, such that it could not be dismissed as a matter of law before trial.  Further, Plaintiff presented evidence at trial, which if credited by the jury, would have warranted a judgment in his favor.  Accordingly, based on

the facts of this case, the Court finds that Plaintiff's action was not frivolous and does not warrant an award of attorney's fees.[1]

The City of Camden, which joined in the motion of Defendants Morgan and Sanchez on this issue, argues that Plaintiff's claims against it were even more extreme in their frivolity, because summary judgment was granted in its favor and Plaintiff did not oppose the motion.  The Court disagrees.  Plaintiff's decision not to pursue his claims against the City of Camden after discovery does not necessarily mean that they were frivolous to begin with.  To so find would expose every plaintiff whose claims are not bourn out by discovery to liability for attorney's fees.  That is not the intent of Section 1988.  The Court is satisfied, based on the facts of this case, that Plaintiff's claims against the City of Camden were not frivolous at the time they were brought.[2]

---

[1] Having determined that an award of attorney's fees is not appropriate in this case, the Court need not reach the issue of the reasonableness of Defendants' attorney's fees addressed in the supplemental filings by Defendants.  Accordingly, Plaintiff's Motion to Strike the supplemental filings is denied as moot.

[2] The City of Camden's suggestion that the issue of whether Plaintiff's claims were frivolous was a jury question is misplaced, as the question of whether to award attorney's fees to a prevailing party under Section 1988(b) is clearly left to the discretion of the Court.

**III. CONCLUSION**

For the reasons set forth above, the motions of Plaintiff, Enrique Matos, for a new trial and to strike certain filings, as well as the motion of Defendants Marshall Morgan and Luis Sanchez for attorneys fees, which is joined in by Defendant City of Camden, will be denied.  An appropriate Order will be entered.


Dated:  August 12, 2010          s/ Noel L. Hillman
                                HON. NOEL L. HILLMAN, U.S.D.J.


At Camden, New Jersey